**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Catherine Miller, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  1:25-cv-2602 |
| | ) | |
| | ) | |
| TrueAccord Corp., a Delaware | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Catherine Miller, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3.      Plaintiff, Catherine Miller ("Miller"), is citizen of the State of Indiana from whom Defendant attempted to collect defaulted consumer debts that she allegedly owed originally for Comcast and AT&T DirecTV accounts.

4.      Defendant, TrueAccord Corp. ("TrueAccord"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly

1

uses the U.S. Mail, and/or email, and/or the telephone, and/or credit reporting to collect, or attempt to collect, defaulted consumer debts. Defendant TrueAccord operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Indiana. In fact, Defendant TrueAccord was acting as a debt collector as to the defaulted consumer debts it attempted to collect from Plaintiff.

5.     Defendant TrueAccord is authorized to conduct business in the State of Indiana and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant TrueAccord conducts business in Indiana.

**FACTUAL ALLEGATIONS**

6.     Due to financial difficulties, Ms. Miller was unable to pay her debts, including defaulted consumer debts (incurred primarily for personal, family or household purposes) that she allegedly owed originally for a Comcast ("Comcast") and a AT&T DirecTV ("AT&T") accounts. After the alleged Comcast and AT&T debts went into default, they were obtained by Defendant, which then attempted to collect the debts from Ms. Miller via, among various means, negative credit reporting.

7.     Unsure about Defendant TrueAccord, and unsure about the debts, Ms. Miller consulted with counsel about her debt issues and the debts that Defendant was trying to collect.

8.     Accordingly, on March 10, 2025, and March 12, 2025, Ms. Miller's attorney wrote to Defendant to notify it that Ms. Miller was represented by counsel, and that she disputed any and all debts that Defendant was trying to collect from her. Copies of these

2

letters are attached as Group Exhibit B.

9.     Ms. Millers' attorney's letters were sent to Defendant via U.S. Mail, First Class postage pre-paid, to the address which Defendant has listed with the Nationwide Multistate Licensing System for contact, see, NMLS Consumer Access report, attached as Exhibit C. Neither of these letters were returned by the post office as undeliverable.

10.     On May 9, 2025, Ms. Miller took the time and effort, as well as the expense (about $3.50), to obtain and review her TransUnion credit report, which showed that Defendant had continued to report the Comcast and AT&T debts she allegedly owed, but had failed to note that the debts were disputed. The pertinent parts of Ms. Miller's TransUnion credit report are attached as Exhibit D.

11.     Accordingly, Ms. Miller had to take additional time and effort, as well as expense (about $160), to have another attorney send Defendant a letter on May 12, 2025, to re-assert that she had disputed the debts that Defendant was trying to collect from her. A copy of this letter is attached as Exhibit E.

12.     On December 8, 2025, Ms. Miller then took the time and effort, as well as the expense (about $3.50), to once again obtain and review a copy of her TransUnion credit report, to see if Defendant TrueAccord had corrected its error, and learned that it had not – that Defendant TrueAccord had continued to report the debts, without noting that the debts were disputed. The pertinent parts of Ms. Miller's TransUnion credit report are attached as Exhibit F.

13.     As a result of Defendant's failure to note that the debts were disputed, when Defendant continued to report the debts to TransUnion, Ms. Miller was forced to take yet another action to her detriment, by taking the time and effort, as well as the

3

expense (about $260), to have her attorney send Defendant another letter, to once again re-assert that she had disputed the debts that Defendant was trying to collect from her, and to demand that Defendant stop its incorrect credit reporting. A copy of this letter is attached as Exhibit G.

14.    Defendant's violations of the FDCPA were material because Defendant's failure to note that the debts were disputed when Defendant reported, or continued to report, the debts on Plaintiff's credit report harmed her credit reputation, impaired her credit rating, and her ability to obtain credit. Defendant's failure to note, when reporting the debts on Plaintiff's credit report, that the debts were disputed, makes it appear as if Plaintiff does not actually have the right to dispute the debts.

15.    Section 1692e(8) of the FDCPA's command, that a debt collector must communicate that a disputed debt is disputed, is rooted in the basic common law principle of defamation/fraud that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information, namely, that the debt is disputed.

16.    Defendant's collection actions negatively impacted Ms. Miller's credit score, and forced her to take the time, effort and/or expense to try to stop the improper credit reporting, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir, 2023) and Walters v. Fast AC, LLC, 60 F.4th 642, 649 (11th Cir. 2023) and Ebaugh v. Medicredit, Inc., 2025 U.S.App.LEXIS 8530 at [*1]-[*2] (8th Cir. 2025).

17.    All of the Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

**COUNT I**
**Violation Of § 1692e(8) Of The FDCPA –**
**Failing To Report That A Disputed Debt Is Disputed**

18.   Plaintiff adopts and realleges ¶¶ 1-17.

19.   Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading means to collect, or attempt to collect, a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Wood v. Security Credit Services, 126 F.4th 1303, 1310 (7th Cir. 2025); Ewing v. Med-1 Solutions, 24 F.4th 1146, 1153-54 (7th Cir. 2022); Evans v. Portfolio Recovery Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

20.   Defendant, by continuing to report the debts to the credit reporting agency, when it knew the debts were disputed by the consumer, and by failing to report that the debts were disputed, used false, deceptive or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

21.   Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

22.    Plaintiff adopts and realleges ¶¶ 1-17.

23.    Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

24.    Defendant, by continuing to report the debts to the credit reporting agency, when it knew the debts were disputed by Plaintiff, and by failing to report that the debts were disputed, used unfair or unconscionable means to collect debts, in violation of § 1692f of the FDCPA.

25.    Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Catherine Miller, prays that this Court:

1.    Find that Defendant's collection practices violate the FDCPA;

2.    Enter judgment in favor of Plaintiff Miller, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Catherine Miller, demands trial by jury.

Catherine Miller,

By: s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: December 24, 2025

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com
John T. Steinkamp  (Ind. Bar No. 19891-49)

John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com